United States Courts
Southern District of Texas
FILED

NOV 02 2018

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APTCN, LLC | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Cause No. **18 CV 4174** |
| HARTFORD FIRE INSURANCE COMPANY and HARTFORD INSURANCE COMPANY OF THE MIDWEST | § § § § § | |
| *Defendants.* | § § | |

## PLAINTIFF APTCN LLC'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, through undersigned counsel, APTCN, LLC, ("Property Owner"), who files this Complaint against Defendants, Hartford Fire Insurance Company and Hartford Insurance Company of the Midwest, (collectively "Insurer") on the grounds set forth below:

### I. Jurisdiction & Venue

**1.**

This action arises under flood insurance regulations issued by the Federal Emergency Management Agency ("FEMA"); the National Flood Insurance Act of 1968, as amended, ("NFIA"), 42 U.S.C. 4001 *et seq.*; and federal common law.

**2.**

This breach of contract action involves three federal flood insurance policies that Insurer provided to Property Owner pursuant to the NFIA.

**3.**

Pursuant to 42 U.S.C. § 4072, federal courts, like this Court, have original and exclusive subject


matter jurisdiction over cases involving disputed disallowance or partial disallowance of federal flood insurance claims proceeds, regardless of the amount in controversy.

**4.**

Federal courts, like this Court, have subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this matter involves insurance contracts that were issued pursuant to the National Flood Insurance Act of 1968, as amended, and thus this matter involves federal questions--including the application of federal statutes and federal regulations.

**5.**

This Court also has jurisdiction because the parties contractually agreed that Property Owner must bring any claim or claims handling disputes related to the insurance policy in this Court because the insured property (identified more fully below) is located in the Southern District of Texas.

**6.**

This Court has personal jurisdiction over Insurer because Insurer does business in the State of Texas and because Insurer issued a policy of insurance covering property that is located in the State of Texas and County of Harris County.

**7.**

Venue of this action is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c), and 42 U.S.C. § 4072 (2014).

## II. Parties

**8.**

Property Owner is a Texas limited liability company with its principal place of business Rosenberg, Fort Bend County, Texas, and at all times relevant herein was the owner of property located at 2510 Beatty Street, Houston, Harris County, Texas, 77023.

**9.**

Hartford Fire Insurance Company and Hartford Insurance Company of the Midwest (collectively, "Insurer"), are foreign insurance companies authorized to and presently doing business in Harris County, Texas.

**10.**

At all times relevant, Insurer was each a Write-Your-Own ("WYO") Program Carrier participating in the United States Governmental National Flood Insurance Program ("NFIP") pursuant to the NFIA.

**11.**

Pursuant to 44 C.F.R. Sections 62.23(d) and (i)(6), Insurer was and is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the Policy.

**12.**

Pursuant to 44 C.F.R. Section 62.23 (i)(1), Insurer was and is responsible for adjusting claims in accordance with general company standards, guided by NFIP Claims manuals.

### III. Factual Background

**13.**

On and around August 26, 2017, flooding caused by Hurricane Harvey (the "Flood") devastated large segments of Harris County, including causing physical changes and damage to the Property Owner's insured property ("Property"), which is located at 2510 Beatty Street, Houston, Harris County, Texas 77023.

**14.**

After the Flood, the Red Cross called it one of the worst flooding disasters in U.S. history.

**15.**

The flood insurance policies are identical Standard Flood Insurance Dwelling Policy(ies) ("Policies"), covering the Property.

**16.**

Property Owner paid all premiums when due and the Policies were in full force and effect at the time of the loss.

**17.**

The Policy Numbers are Nos. 87055236752016, 87055236772016, and 87055236822016.

**18.**

On the date of the loss, this Flood damaged Property Owner's property located therein. Property Owner has incurred and/or will incur significant expenses to restore the Property to its pre-flood condition.

**19.**

Property Owner timely reported these losses to Insurer.

**20.**

Insurer hired and sent an adjuster to Property Owner's Property, and that adjuster, together with Insurer's approval, prepared a damage estimate and Proof of Loss form that failed to comply with the provisions of the Policy, Insurer's general company claims handling standards, and/or with NFIP claims manuals.

**21.**

The Property Owner was forced to sign and submit a Proof of Loss to Insurer based on the insurance adjuster's inspection of the Property in order to receive any damage assessment payments.

**22.**

Ultimately, Property Owner realized that numerous covered items had been omitted or underpaid by Insurer.

**23.**

Property Owner retained independent experts to evaluate the extent of the flood loss caused by and from flood.

**24.**

The experts found conclusive evidence that the flood event critically damaged Property Owner's covered property in an amount and scope far greater than what was found by Insurer's adjuster.

**25.**

These covered damages were thoroughly documented, and valid and timely Proof of Loss forms and supporting documentation, including a room-by-room, line-by-line, unit cost damage estimate were submitted to Insurer for review.

**26.**

Despite receipt of documentation evidencing Insurer's substantial underpayment, Insurer has unfairly and improperly persisted in denying these original and supplemental claims, which are due under the policy.

**IV. Claim for Relief: Breach of Contract**

**27.**

Property Owner repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

**28.**

Property Owner and Insurer entered into insurance contracts when Property Owner purchased and

Insurer issued the Policies.

**29.**

The Policies, at all times relevant and material to this case, provided flood insurance coverage to Property Owner for, among other things, physical damage to their Property by and from flood.

**30.**

Property Owner fully performed under the contract by paying all premiums when due, satisfying all the Policies' requirements, and cooperating with Insurer regarding the flood insurance claim at issue in this lawsuit. Property Owner complied with all conditions precedent to recovery by, along with all other requirements, paying all premiums, timely notifying Insurer of loss, and by providing timely and satisfactory Proof of Loss.

**31.**

This is an action for damages as a result of Insurer's breach of the Policy, insurance contracts.

**32.**

The Flood physically changed and damaged the Property.

**33.**

Insurer materially breached the insurance contract when it wrongly failed to pay Property Owner for damages directly caused to the Property by or from the Flood. Insurer also breached the contract by failing to perform other obligations it owed under the Policies.

**34.**

By virtue of its various breaches of contract, including its failure to pay Property Owner for Property Owner's covered losses, Insurer is liable to and owes Property Owner for the actual damages Property Owner sustained as a foreseeable and direct result of the breach and all costs associated with recovering, repairing, and/or replacing the covered property in accordance with

the Policy, together with interest and all other damages Property Owner may prove as allowed by law.

## V. Prayer for Relief

**WHEREFORE**, Property Owner respectfully requests that this Court enter judgment in Property Owner's favor for all such amounts Property Owner proves at trial, for expenses, for pre-judgment and post-judgement interest as provided by law, and for all other relief this Court may deem just and proper.

Respectfully submitted,

APTCN, LLC

By: /s/*Steven D. Poock*
**Steven Poock**
Attorney-in-charge
Fed. No. 20774
P.O. Box 984
Sugar Land, TX 77487
Tel: (281) 277-7678
Fax: (281) 277-7679
State Bar No. 00794473

**Thomas Sanders**
Fed. No. 9735
P.O. Box 1860
Sugar Land, TX 77487
Tel: (281) 242-9700
Fax: (281) 242-8340
State Bar No. 17609900
**COUNSEL FOR PLAINTIFF**
**APTCN, LLC**